IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:08-cr-287 |
| | ) | Hon. Liam O'Grady |
| RICHARD ARMAND PINDLE, | ) | |
| | ) | |
| *Defendant.* | ) | |
| | ) | |
| | ) | |

## MEMORANDUM OPINION

Richard Pindle has filed a *pro se* Motion to Reconsider the denial of Compassionate Release pursuant to 18 USC § 3582(c)(1)(A). Dkt. 125. The Court previously denied Pindle's Motion for Compassionate Release which he filed with the benefit of an appointed attorney. Dkt. 125. Pindle now argues that the Hobbs Act Robbery of which he was convicted is no longer considered a 'crime of violence' for purposes of the Armed Career Criminal enhancement pursuant to the Fourth Circuit's ruling in *United States v. Green*. 996 F.3d 176 (4th Cir. 2021). Pindle argues that his conviction under 18 USC §924(c)(1)(A)(iii) would no longer run consecutively to the other counts that he was sentenced to by the Court.

As an initial matter, the Court has no inherent authority to reconsider a Motion which was made pursuant to §3582(c). *United States v. Goodwyn*, 596 F.3d 233, 236 (4th Cir. 2010). Further, Pindle essentially argues that the Court did not consider the disparity in his sentence that resulted from being sentenced under a prior interpretation of the sentencing laws as an extraordinary and compelling reason that warrants a sentence modification. Pindle is correct. The Court did not grant

the Motion for Compassionate release based solely on an analysis of his criminal conduct under

the §3553(a) factors. Dkt. 125 at 6 ("A reduction in that sentence today, even given Mr. Pindle's

laudable rehabilitative efforts, would ignore his prior callous actions, thereby failing to promote

respect for the law or provide just punishment for his offenses.") In addition, the Court addressed

Pindle's criminal history when he was originally sentenced for the crimes for which he is

incarcerated:

> Mr. Pindle is a Criminal History Category V. And I find that the calculation of him as a
> Criminal History Category V accurately takes into consideration his prior offenses and the
> nature of those prior offenses, which include both assaultive behavior, possessions of
> firearms and other weapons, drug offenses, and violations of probation based on his having
> perpetrated further crimes while on probation.

Dkt. 83 at 9 (transcript of sentencing hearing). The sentence that Pindle is currently serving reflects

the brutality of his past actions and is commensurate with the requirements of §3553. Therefore,

Pindle's Motion is **DENIED**. Dkt. 126.


/s/

Liam O'Grady
United States District Judge

July 6, 2022
Alexandria, Virginia

Liam O'Grady
United States District Judge

2